IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40932
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE AGUAYO-PARAMO,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-499-5
- - - - - - - - - -
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Jose Aguayo-Paramo (Aguayo) appeals his guilty-plea
conviction for conspiracy to possess with intent to distribute
112 kilograms of marihuana in violation of 21 U.S.C. §§ 841
& 846.  As part of the plea agreement, the Government agreed to
recommend that Aguayo be sentenced at the lowest end of the
applicable sentencing guidelines range.  Aguayo contends that the
Government breached the plea agreement by remaining silent at

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing regarding the appropriate sentence and by opposing the application of the safety valve adjustment in U.S.S.G. § 5C1.2. Aguayo also asserts that the district court clearly erred by failing to apply the safety valve adjustment to reduce his sentence.

Because Aguayo did not object to the alleged breach of the plea agreement before the district court, we review this issue for plain error. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). The 60-month sentence imposed by the district court was the mandatory minimum sentence, as well as the guideline sentence. 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5G1.1(b). Therefore, any failure by the Government to recommend at sentencing that Aguayo be sentenced at the low end of the applicable guideline range was not plain error because it could not have affected his sentence since there was no range under the sentencing guidelines. To the extent that the Government opposed the safety valve adjustment, it did not breach the plea agreement because the Government's arguments addressed the applicable guideline range, not Aguayo's sentence within it.

Given the inconsistencies between Aguayo's written statement regarding the facts of his offense, his statements at sentencing, and the information provided by the Government and in the PSR, the district court did not clearly err in denying the safety valve adjustment based on Aguayo's failure to provide truthful

information.  See U.S.S.G. § 5C1.2(5); United States v. Miller,
179 F.3d 961, 968-69 (5th Cir. 1999).

AFFIRMED.